968 So.2d 656 (2007)
Reginald Duane COOPER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-4825.
District Court of Appeal of Florida, Second District.
October 31, 2007.
*657 KELLY, Judge.
Reginald Cooper appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the record does not conclusively refute Cooper's claim that his counsel misadvised him regarding the length of the sentence he would receive after entering his plea, we reverse as to that claim. We affirm the postconviction court's order in all other respects.
In case number 98-3182, Cooper pleaded guilty to grand theft, organized scheme to defraud, and money laundering and was sentenced to concurrent terms of sixty months' prison, suspended, to be followed by ten years' probation on all counts. He subsequently violated his probation by, among other things, committing another grand theft. At a hearing on October 21, 2003, Cooper entered a plea of guilty to the new grand theft charge in case number 03-4187, and he admitted violating his probation in case number 98-3182. On November 5, 2003, the court revoked Cooper's probation in case number 98-3182 and sentenced him to concurrent terms of five years in prison on all counts. In case number 03-4187, the court sentenced Cooper to three years in prison, to run consecutive to the sentence imposed in case number 98-3182. Cooper did not appeal his judgments or sentences.
Cooper's rule 3.850 motion alleges that his counsel was ineffective for misadvising him regarding the length of the sentence he would receive after entering his plea. Specifically, Cooper claims that his attorney induced him to enter a plea by telling him "that a sentence of 15 years would be handed down should [he] proceed and lose this trial," and the five-year plea offer was less than what he might face after trial. Therefore, he pleaded with the expectation that he would receive a total of five years in prison for both cases, not eight.
The postconviction court denied this claim, noting that the State's response indicated that "during Defendant's plea proceeding, the trial court told Defendant specifically that his sentences in these two cases would run consecutive[ly], not concurrent[ly]." The State, however, did not rely on the events that transpired at Cooper's October 21 plea hearing. Instead, it referred to the court's oral pronouncement of Cooper's sentence at the November 5 sentencing hearing. The fact that Cooper ultimately knew that the court sentenced him to consecutive terms totaling eight years, as evidenced by the transcript of the sentencing hearing, does not refute Cooper's assertion that based on what his attorney told him when he entered his plea on October 21, he thought he was going to receive concurrent terms totaling only five years. Further, we find nothing in the transcript of the plea hearing, a copy of which is also attached to the postconviction court's order, that refutes Cooper's claim that he was misadvised regarding the length of the sentence he would receive after entering his plea. Accordingly, we reverse and remand for the postconviction court to either attach portions of the record conclusively refuting Cooper's claim or to conduct an evidentiary hearing on the issue of counsel's misadvice regarding the *658 length of Cooper's sentence. In all other respects, we affirm.
Affirmed in part, reversed in part, and remanded.
SILBERMAN and CANADY, JJ., Concur.